1

2

3

4

5

6

7

8                         UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   MICHAEL DAVID STORMAN,                    No.  2:15-cv-0959 TLN AC (PS)

12                    Plaintiff,

13         v.                                  ORDER

14   RETIREMENT HOUSING
     FOUNDATION, et al.,
15
                     Defendants.
16

17

18         Plaintiff has requested authority under 28 U.S.C. § 1915 to proceed in forma pauperis.

19   Plaintiff has submitted the affidavit required by § 1915(a) showing that he is unable to prepay

20   fees and costs or give security for them.  Accordingly, the request to proceed in forma pauperis

21   will be granted.  28 U.S.C. §1915(a).

22                                    I.  SCREENING

23         The federal in forma pauperis statute authorizes federal courts to dismiss a case if the

24   action fails to state a claim upon which relief may be granted, or seeks monetary relief from a

25   defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(ii).

26         A claim is legally frivolous when it lacks an arguable basis in either law or in fact.

27   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

28   Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

                                              1

1  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

2  490 U.S. at 327.  The critical inquiry is whether a claim, however inartfully pleaded, has an

3  arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989);

4  Franklin, 745 F.2d at 1227.

5          Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

6  statement of the claim showing the pleader is entitled to relief,' in order to 'give the defendant

7  fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v.

8  Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

9  However, in order to survive dismissal for failure to state a claim a complaint must contain more

10  than "a formulaic recitation of elements of a cause of action;" it must contain factual allegations

11  sufficient "to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555.

12          It is insufficient for the pleading to contain a statement of facts that "merely creates a

13  suspicion" that the pleader might have a legally cognizable right of action.  Id. (quoting 5 C.

14  Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-35 (3d ed. 2004)).  Rather,

15  the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief

16  that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly,

17  550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that

18  allows the court to draw the reasonable inference that the defendant is liable for the misconduct

19  alleged."  Id.

20          "The standard for determining whether a plaintiff has failed to state a claim upon which

21  relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure

22  12(b)(6) standard for failure to state a claim."  Watison v. Carter, 668 F.3d 1108, 1112 (9th

23  Cir. 2012).  Therefore, in reviewing a complaint under this standard, the court "must accept as

24  true all of the factual allegations contained in the complaint," Erickson v. Pardus, 551 U.S. 89, 94

25  (2007) (citing Twombly, 550 U.S. at 555-56), construe those allegations in the light most

26  favorable to the plaintiff, Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954,

27  960 (9th Cir. 2010) (citing Twombly), and resolve all doubts in the plaintiff's favor.  Hebbe v.

28  Pliler, 627 F.3d 338, 340 (9th Cir. 2010) (citing Hospital Bldg. Co. v. Trustees of Rex Hospital,

2

425 U.S. 738 (1976)).  The court need not accept as true, legal conclusions "cast in the form of factual allegations."  Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).  A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment.  See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

## II.  RELEVANT FACTUAL BACKGROUND

Plaintiff, a residential tenant of defendant "HUD facility," brings this action alleging housing discrimination.  ECF No. 1 at 1.  The complaint states that plaintiff has twelve mental and physical "conditions."  He alleges he gave defendant a letter from his doctor stating noise during his sleeping hours is detrimental to his health.  Beginning in January 2013 plaintiff lost sleep because his neighbors were slamming their doors during his sleeping hours.  Plaintiff also complains that the tenant above him opens his sliding glass door excessively, which also disrupts his sleep.  Plaintiff made an initial request for accommodation from defendant in April 2013.  The April 2013 request asked for a noise-free environment.  Plaintiff now acknowledges that this would not be reasonable, and in any event, the request was denied.

Plaintiff made a second request for an accommodation sometime in or around October 2013.  Plaintiff's second request asked that defendant prevent neighbors near him from slamming their doors while he was sleeping.  Plaintiff alleges defendant responded in the form of a letter stating plaintiff's request was unclear, and therefore denying the request.  Plaintiff refers to the letter as Exhibit B, but his exhibits are not attached to the complaint.[1]

Plaintiff further alleges that he asked defendant to talk to the neighbor above him about the frequent use of the sliding glass door.  Plaintiff claims the tenant was only spoken to after plaintiff filed a claim with the California Department of Fair Employment and Housing.  Plaintiff has now filed suit alleging defendant violated the Fair Housing Act by refusing to provide a reasonable accommodation.  Plaintiff requests compensation for suffering lack of sleep and anxiety.  Plaintiff also requests that his neighbors refrain from slamming their doors and

---

[1]  Plaintiff filed exhibits to the complaint on May 27, 2015.  ECF No. 3.  Plaintiff is informed that any exhibits to the complaint must, in the future, be attached to and filed with the pleading.

1   using the sliding glass doors excessively while he is sleeping.

2   III.  ANALYSIS

3   A.  Standards Governing a Fair Housing Act Reasonable Accommodation Claim

4   Plaintiff alleges that defendant discriminated against him in violation of the Fair Housing

5   Act ("the Act"), 42 U.S.C. §§ 3601-19, by refusing to make a reasonable accommodation.  The

6   Act was amended by the Fair Housing Amendments Act of 1988 ("FHAA"), at 42 U.S.C.

7   § 3604(f), to prohibit "discrimination in housing against, *inter alios*, persons with handicaps."

8   City of Edmonds v. Oxford House, Inc., 514 U.S. 725, 728 (1995).  "Discrimination covered by

9   the FHA includes 'a refusal to make reasonable accommodations in rules, policies, practices, or

10  services, when such accommodations may be necessary to afford [handicapped] person[s] equal

11  opportunity to use and enjoy a dwelling.'"  City of Edmonds, 514 U.S. at 729 (quoting 42 U.S.C.

12  § 3604(f)(3)(B)); Giebeler v. M & B Associates, 343 F.3d 1143, 1146 (9th Cir. 2003) (same).

13  In order to state a discrimination claim under the FHAA for failure to make a reasonable

14  accommodation, plaintiff must allege facts showing that:

15  
16  > (1) he suffers from a handicap as defined by the FHAA;
> (2) defendants knew or reasonably should have known of the
> plaintiff's handicap; (3) accommodation of the handicap "may be
17  > necessary" to afford plaintiff an equal opportunity to use and enjoy
> the dwelling; and (4) defendants refused to make such
> accommodation.
18  

19  Giebeler, 343 F.3d at 1147.  A complaint satisfies the first element of the claim – that plaintiff has

20  a handicap – if, as relevant here, it alleges facts showing that plaintiff has "a physical or mental

21  impairment which substantially limits one or more of such person's major life activities." 42

22  U.S.C. § 3602(h)(1); Giebeler, 343 F.3d at 1147 (same).

23  B.  Plaintiff's Complaint

24  Plaintiff's complaint alludes to twelve mental and physical "conditions," including

25  Tourette's Syndrome.  He also alleges that noise from slamming doors and sliding patio doors

26  caused him to lose sleep.  However, the complaint does not allege facts showing which physical

27  or mental impairment, if any, qualifies plaintiff for protection under the FHAA.  By failing to so

28  specify, plaintiff has failed to comply with the Rule 8 requirement that plaintiff give defendant

4

1    "fair notice" of the claim being asserted.  Defendant could not be expected to guess which of

2    twelve physical conditions it was being asked to accommodate, or which it must address in its

3    response to the complaint.

4           The complaint must allege facts showing that plaintiff has a handicap within the meaning

5    of the FHAA.  In addition, it must allege facts showing that plaintiff told defendant which of his

6    impairments is a "handicap" under the FHAA, and which of his handicaps needs to be

7    accommodated.  The complaint fails to do so.  In light of these defects, it is premature for the

8    court to consider whether any accommodation was necessary, or whether defendant refused to

9    make it.

10          Because plaintiff fails to allege facts showing that he has a handicap, or that he brought

11   that handicap (and the need for accommodation), to the defendant's attention, the complaint will

12   be dismissed.  The court will, however, grant plaintiff leave to file an amended complaint.  If

13   plaintiff chooses to amend the complaint, it must allege facts showing that he is entitled to relief

14   under the FHAA, as set forth above.  In brief, the complaint must allege facts showing that (1) he

15   has a handicap as defined in the FHAA, (2) he brought that handicap to defendant's attention and

16   requested an accommodation, (3) the accommodation was necessary, and (4) defendant refused to

17   make the accommodation.

18          In addition, plaintiff is informed that the court cannot refer to a prior pleading, including

19   his original complaint, in order to make plaintiff's amended complaint complete.  E.D. Cal. R.

20   ("Local Rule") 220.  An amended complaint must be complete in itself without reference to any

21   prior pleading.  This is because, as a general rule, an amended complaint supersedes the original

22   complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended

23   complaint, the original pleading no longer serves any function in the case.  Therefore, in an

24   amended complaint, as in an original complaint, each claim and the involvement of each

25   defendant must be sufficiently alleged.  Any and all exhibits must be attached to the amended

26   complaint and may not be incorporated by reference to previously filed exhibits.

27   ////

28   ////

1

IV.  CONCLUSION

2          For the reasons stated above, IT IS HEREBY ORDERED that plaintiff's complaint is

3   DISMISSED with leave to amend.  Plaintiff is granted 30 days from the date of this order to

4   amend the complaint.

5   DATED: May 28, 2015

6

ALLISON CLAIRE
7   UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28